**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| INTERSTATE PATENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. and RESIDEO LLC,<br><br>Defendants. | CIVIL ACTION NO. 4:26-cv-1536<br><br>ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Interstate Patents, LLC ("Interstate Patents" or "Plaintiff") files this original complaint against Defendants Resideo Technologies, Inc. and Resideo LLC (collectively "Resideo" or "Defendants"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This action concerns Resideo's infringement of the following United States Patents (the "Asserted Patents"):

| U.S. Patent No. | Title |
|---|---|
| 8,163,591 | Backside Illuminated Image Sensor |
| 7,853,856 | Forming of Error Correction Data |
| 8,078,618 | Automatic Multimode System for Organizing and Retrieving Content Data Files |

## PARTIES

2. Interstate Patents is a limited liability company formed under the laws of the State of Texas, with its principal place of business at 1909 Lohman Ford Road, Lago Vista, TX 78645.

3. Resideo Technologies, Inc. is a corporation duly organized and existing under the laws of Delaware. Resideo Technologies, Inc. may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

4. Resideo LLC is a limited liability company duly organized and existing under the laws of Delaware. Resideo LLC may be served through its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. On information and belief, Resideo LLC is a wholly owned subsidiary of Resideo Technologies, Inc.[1]

5. The Defendants identified in paragraphs 3–4 above are part of an interrelated group of companies which together comprise a leading manufacturer and developer of technology-driven comfort, energy management, safety, and security products and solutions, sold under brands including Resideo, Honeywell Home, and First Alert, and they make, sell, distribute, and support the accused products for professional installers, dealers, and integrators and for residential and business customers throughout the United States. Resideo's affiliates include, for example, Ademco Inc., which is the grantee of record for the FCC authorization of

[1] *See* Resideo Technologies, Inc., Annual Report (Form 10-K) (FY2025), Ex. 21.1, https://investor.resideo.com/financials/sec-filings/default.aspx; https://d18rn0p25nwr6d.cloudfront.net/CIK-0001740332/0bdd5999-a551-411f-9688-c1c50af1ae31.pdf.

certain of the accused products. *See* Exhibit 2.[2] In June 2024, Resideo completed its acquisition of Snap One Holdings Corp. ("Snap One"),[3] a provider of smart-living products, services, and software to professional integrators, including Clare- and Luma-branded security cameras. *See* Exhibit 1.[4]

6. The Defendants named above and their affiliates are part of the same corporate structure and distribution chain for the making, importing, offering to sell, selling, and using of the accused devices in the United States, including in the State of Texas generally and this judicial district in particular.

## JURISDICTION AND VENUE

7. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

8. This Court has personal jurisdiction over Resideo pursuant to due process and/or the Texas Long Arm Statute because, *inter alia*, (i) Resideo has done and continues to do business in Texas; (ii) Resideo has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet

[2] *See also* Resideo Service-Specific Terms: Pro Perks (identifying Ademco Inc. as an affiliate), www.resideo.com/us/en/corporate/legal/perks-terms/en.

[3] *See Resideo Complete Acquisition of Snap One*, PRNewswire (June 14, 2024), https://investor.resideo.com/news/news-details/2024/Resideo-Completes-Acquisition-of-Snap-One/default.aspx.

[4] *See also* Resideo Technologies, Inc., Annual Report (Form 10-K) (FY2025), Ex. 21.1, https://investor.resideo.com/financials/sec-filings/default.aspx; https://d18rn0p25nwr6d.cloudfront.net/CIK-0001740332/0bdd5999-a551-411f-9688-c1c50af1ae31.pdf.

sales and/or sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein; (iii) Resideo Technologies, Inc. is registered to do business in Texas; and (iv) Resideo maintains offices and other places of business in Texas, including at 901 E. 6th Street, Austin, Texas 78702, and at 2601 Petty Place, Fort Worth, Texas 76177.

9. Venue is proper in this district as to Resideo pursuant to 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391. Venue is further proper because Resideo has committed and continues to commit acts of patent infringement in this district, including making, using, offering to sell, and/or selling accused products in this district, and/or importing accused products into this district, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in this district, and/or committing at least a portion of any other infringements alleged herein in this district, including directing and/or controlling the performance of at least one step of each exemplary method claim in this district. Resideo also has regular and established places of business in this district. For example, the records of the Denton Central Appraisal District identify property at 2601 Petty Place, Fort Worth, Texas 76177, as registered to Resideo LLC. That property is located in Denton County, Texas, which is in this district and in the Sherman Division.

**PID 995665 | 2601 PETTY PLACE**

Property Summary Report | 2027
Online Services | Denton Central Appraisal District

**GENERAL INFO**

| | | | |
|---|---|---|---|
| **ACCOUNT** | | **OWNER** | |
| Property ID: | 995665 | Name: | RESIDEO LLC |
| Geographic ID: | | | |
| Type: | P | Secondary Name: | |
| Zoning: | | | |
| Agent: | RYAN LLC - PLANO | Mailing Address: | 1985 Douglas Dr N Golden Valley MN US 55422-3935 |
| Legal Description: | PERSONAL PROPERTY - SECURITY SERVICES LOCATION: 2601 PETTY PLACE STE 1, FORT WORTH | Owner ID: | 1784609 |
| | | % Ownership: | 100.000000 |
| Property Use: | | Exemptions: | BPPEX - BPPEX,FR - FREEPORT |
| **LOCATION** | | | |
| Address: | 2601 PETTY PLACE 1, FORT WORTH TX | | |
| Market Area: | | | |
| Market Area CD: | | | |
| Map ID: | BPPFC2 | | |

Site: https://www.dentoncad.com/property-detail/995665/2027 (retrieved October 15, 2026).

10. The 2601 Petty Place address is a distribution center of more than 400,000 square feet, with capacity for more than two million units of inventory, that Resideo opened in 2023 through its ADI Global Distribution business and that was described at its opening as the "cornerstone" of ADI's supply chain management. *See ADI Global Distribution Super Center Opens in Dallas*, CE Pro (Sept. 15, 2023). On information and belief, Resideo uses that facility to receive, stock, and ship security products, including Accused Products, to dealers, installers, and integrators in this district and throughout the United States.

11. Resideo employs or otherwise controls individuals that work from these places of business in this district, and Resideo's business specifically depends on such persons being physically present at such places to, for example, receive, store, sell, distribute, and ship the Accused Products for Resideo's customers.

## THE ACCUSED PRODUCTS

12. Resideo makes, uses, sells, offers for sale, leases, installs, provides, supplies, and/or distributes security, smart home, and automation products and services to professional

installers, dealers, and integrators and to residential and business customers throughout the United States, including in Texas and in this district. *See* Exhibits 1–3.

13. Resideo extensively promotes the Accused Products. For example, Resideo advertises that, using its LTE communicators, "[a]ll signals and security alerts are delivered via LTE to the AlarmNet® Network Control Center." *See* Exhibit 2. Resideo also advertises that its Total Connect 2.0 app allows customers to "[v]iew live videos and recorded clips from cameras to see, hear, and record what's happening at your home at all times." *See* Exhibit 3.

14. Resideo uses, causes to be used, makes, sells, offers for sale, leases, provides, supplies, and/or distributes security cameras, alarm communicators, software applications, and cloud-based services, including, but not limited to, the ClareVision Performance Series 8MP Motorized Varifocal Color at Night Turret Camera (CLR-V300-8TVFCNB), the Luma X20 4MP IP PTZ Camera (LUM-420-IP-PTZ-25W), the LTEM-P series LTE communicators (including the LTEM-PA, LTEM-PV, LTEM-PXA, LTEM-PXV, LTEM-PIA, and LTEM-PIV), the LTEM-XA and LTEM-XV communicators, the LTE-L57A, LTE-L57V, LTE-L3A, LTE-L3V, LTE-21V, LYRICLTE-A and LYRICLTE-V communicators, the Total Connect 2.0 app for iOS and Android, the Total Connect 2.0 web portal (including its AI Smart Search feature as used with First Alert CX4 cameras), other substantially similar products and services offered in the past or the future, and all prior models, iterations, releases, versions, generations, and prototypes of the foregoing, along with any associated hardware, software, applications, and functionality associated with those products and solutions (collectively, the "Accused Products"). *See* Exhibits 1–3.

15. Using the Accused Products, Resideo and its customers capture, store, and view video and images from Resideo cameras; transmit and receive alarm signals and other data over

cellular LTE networks, including with forward error correction; and organize, filter, and retrieve saved video clips and activity history through the Total Connect 2.0 app and web portal. *See* Exhibits 1–3.

16. For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

**COUNT I**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,163,591**

17. On April 24, 2012, United States Patent No. 8,163,591 ("the '591 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Backside Illuminated Image Sensor."

18. Interstate Patents is the owner of the '591 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '591 Patent against infringers, and to collect damages for all relevant times.

19. Resideo made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its Clare- and Luma-branded security cameras that infringe the '591 Patent.

20. By doing so, Resideo has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '591 Patent. *See* Exhibit 1. Resideo's infringement in this regard is ongoing.

21. Resideo's ClareVision Performance Series 8MP Motorized Varifocal Color at Night Turret Camera (CLR-V300-8TVFCN) and Luma X20 4MP IP PTZ Camera (LUM-420-IP-PTZ-25W) are exemplary accused products.

22. As shown in Exhibit 1, the exemplary cameras are sold under the Clare and Luma brands that Resideo acquired with Snap One and, on information and belief, incorporate

backside-illuminated CMOS image sensors, such as the Sony IMX335LQN and other Sony STARVIS ("Starlight") image sensors, which Sony describes as using back-illuminated pixel technology for security cameras. In operation, light is provided at the backside of the image sensor substrate and reflected onto the front side of the photodiode depletion region to generate and store a photoelectric charge, and a bias signal is applied at the front side of the depletion region to control its size. *See* Exhibit 1.

23. Resideo directly infringes the '591 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products. Resideo also directly infringes the '591 Patent when the accused products are used after purchase by a customer or end user. For example, the accused products are built with hardware and/or software components that control the operation of the accused products. These components cause the accused products to perform the steps of the claimed method after, for example, receiving light at the backside of the image sensor substrate. Resideo also directly infringes the '591 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (e.g., certification/testing providers), its authorized dealers and installers, and/or its customers and end-users. Resideo contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved low-light sensitivity and image quality) from doing so. Resideo conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the steps of the claimed method (e.g., capturing video or images using the backside-illuminated image sensor).

24. Resideo has had knowledge of the ’591 Patent at least as of August 20, 2026, when Interstate Patents sent Resideo a letter identifying the ’591 Patent and enclosing a claim chart detailing Resideo’s infringement of the ’591 Patent. *See* Exhibit 4.

25. Interstate Patents has been damaged as a result of the infringing conduct by Resideo alleged above. Thus, Resideo is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

26. Interstate Patents has neither made nor sold unmarked articles that practice the ’591 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the ’591 Patent.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,853,856

27. On December 14, 2010, United States Patent No. 7,853,856 (“the ’856 Patent”) was duly and legally issued by the United States Patent and Trademark Office for an invention entitled “Forming of Error Correction Data.”

28. Interstate Patents is the owner of the ’856 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the ’856 Patent against infringers, and to collect damages for all relevant times.

29. Resideo made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its Resideo- and Honeywell Home-branded LTE cellular alarm communicators that infringe the ’856 Patent.

30. By doing so, Resideo has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 13 of the ’856 Patent. *See* Exhibit 2. Resideo’s infringement in this regard is ongoing.

31. Resideo's LTEM-P Advanced Modular Communicator (FCC ID CFS-LTEMP) is an exemplary accused product.

32. As shown in Exhibit 2, the LTEM-P communicator is sold by Resideo under the Honeywell Home brand for use with VISTA-series security control panels, is authorized by the FCC to Resideo's affiliate Ademco Inc., and incorporates a Telit ME310G1-W1 LTE Cat-M1 module and a pluggable Telit LE910B1-NA LTE Cat-1 module. The accused communicator receives data packets and error correction data packets and reconstructs missing data packets from the received data symbols and error correction symbols, including in accordance with the forward error correction scheme specified in 3GPP TS 26.346. On information and belief, Resideo's other LTE communicators identified in paragraph 14 operate in substantially the same manner. *See* Exhibit 2.

33. Resideo directly infringes the '856 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products. Resideo also directly infringes the '856 Patent when the accused products are used after purchase by a customer or end user. For example, the accused products are built with hardware and/or software components that control the operation of the accused products. These components cause the accused products to perform the claimed functionality after, for example, receiving one or more data packets and one or more error correction data packets. Resideo also directly infringes the '856 Patent by exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (e.g., certification/testing providers), its authorized dealers and installers, and/or its customers and end-users. Resideo contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved reliability of alarm and

data communications) from doing so. Resideo conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the claimed functionality (e.g., after determining that not all transmitted data packets were received).

34. Resideo has had knowledge of the ’856 Patent at least as of August 20, 2026, when Interstate Patents sent Resideo a letter identifying the ’856 Patent and enclosing a claim chart detailing Resideo’s infringement of the ’856 Patent. *See* Exhibit 4.

35. Interstate Patents has been damaged as a result of the infringing conduct by Resideo alleged above. Thus, Resideo is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36. Interstate Patents has neither made nor sold unmarked articles that practice the ’856 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the ’856 Patent.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,078,618

37. On December 13, 2011, United States Patent No. 8,078,618 (“the ’618 Patent”) was duly and legally issued by the United States Patent and Trademark Office for an invention entitled “Automatic Multimode System for Organizing and Retrieving Content Data Files.”

38. Interstate Patents is the owner of the ’618 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the ’618 Patent against infringers, and to collect damages for all relevant times.

39. Resideo made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems including, for example, its Total Connect 2.0 platform and associated applications and display devices that infringe the ’618 Patent.

40. By doing so, Resideo has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 21 of the ’618 Patent. *See* Exhibit 3. Resideo’s infringement in this regard is ongoing.

41. Resideo’s Total Connect 2.0 platform (including the Total Connect 2.0 app for iOS and Android, the Total Connect 2.0 web portal, and its AI Smart Search feature), including as used with display devices such as smartphones and tablets, is an exemplary accused product.

42. As shown in Exhibit 3, the Total Connect 2.0 platform stores customers’ video clips and images captured by Resideo cameras, and their activity history, in a storage location accessible to the display device; receives user requests for that content; and groups and presents the content on the display according to multiple different categorization methods, including by activity type (e.g., security system, cameras, devices, built-in camera, and synchronization events), by date and time, by favorites, and, using AI Smart Search, by events and objects described in a natural-language query. *See* Exhibit 3.

43. Resideo directly infringes the ’618 Patent when, for example, it and/or its agents use the accused products, including during testing of the accused products. Resideo also directly infringes the ’618 Patent when the accused products are used after purchase by a customer or end user. For example, the accused products are built with hardware and/or software components that control the operation of the accused products. These components cause the accused products to perform the claimed functionality after, for example, receiving a user request for saved video clips or activity history. Resideo also directly infringes the ’618 Patent by

exercising direction or control over the use of the accused products by others, including its affiliates, its subsidiaries, its business partners (e.g., certification/testing providers), its authorized dealers and installers, and/or its customers and end-users. Resideo contracts with, advises, and/or encourages such persons to engage in conduct satisfying one or more elements of the asserted claims, deriving a financial or other benefit (e.g., improved organization and retrieval of saved video clips and activity history) from doing so. Resideo conditions these benefits on, for example, such persons performing certain activities involving the accused products during specified conditions that cause the accused products to perform the claimed functionality (e.g., requesting and filtering saved video clips and activity by activity type or date and time, or searching them with AI Smart Search).

44. Resideo has had knowledge of the ’618 Patent at least as of August 20, 2026, when Interstate Patents sent Resideo a letter identifying the ’618 Patent and enclosing a claim chart detailing Resideo’s infringement of the ’618 Patent. *See* Exhibit 4.

45. Interstate Patents has been damaged as a result of the infringing conduct by Resideo alleged above. Thus, Resideo is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46. Interstate Patents has neither made nor sold unmarked articles that practice the ’618 Patent, and is entitled to collect pre-filing damages for the full period allowed by law for infringement of the ’618 Patent.

**ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT AND PERSONAL JURISDICTION**

47. Resideo has also indirectly infringed the ’591 Patent, the ’856 Patent, and the ’618 Patent, by inducing others to directly infringe the ’591 Patent, the ’856 Patent, and the ’618 Patent.

48. Resideo has induced the end users and/or Resideo’s customers to directly infringe (literally and/or under the doctrine of equivalents) the ’591 Patent, the ’856 Patent, and the ’618 Patent by using the accused products.

49. Resideo took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringe one or more claims of the ’591 Patent, the ’856 Patent, and the ’618 Patent, including, for example, claim 1 of the ’591 Patent, claim 13 of the ’856 Patent, and claim 21 of the ’618 Patent.

50. Such steps by Resideo included, among other things, advising or directing customers, end users, and others (including distributors, dealers, integrators, and equipment services entities) to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.

51. Resideo performed these steps, which constitute joint and/or induced infringement, with the knowledge of the ’591 Patent, the ’856 Patent, and the ’618 Patent and with the knowledge that the induced acts constitute infringement.

52. Resideo was and is aware that the normal and customary use of the accused products by Resideo’s customers would infringe the ’591 Patent, the ’856 Patent, and the ’618 Patent. Resideo’s inducement is ongoing.

53. Resideo has also induced its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to directly infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '591 Patent, claim 13 of the '856 Patent, and claim 21 of the '618 Patent by importing, selling or offering to sell the accused products.

54. Resideo has a significant role in placing the accused products in the stream of commerce with the expectation and knowledge that they will be purchased by consumers in Texas and elsewhere in the United States.

55. Resideo purposefully directs or controls the making of accused products and their shipment to the United States, using established distribution channels, for sale in Texas and elsewhere within the United States.

56. Resideo purposefully directs or controls the sale of the accused products into established United States distribution channels, including sales to nationwide retailers, wholesalers, distributors, and manufacturers (including, but not limited to, Resideo's various affiliated and related companies).

57. Resideo purposefully directs or controls the sale of the accused products online and in nationwide retailers and wholesalers, including for sale in Texas and elsewhere in the United States, and expects and intends that the accused products will be so sold.

58. Resideo purposefully places the accused products—whether by itself or through subsidiaries, affiliates, or third parties—into an international supply chain, knowing that the accused products will be sold in the United States, including Texas. Therefore, Resideo also facilitates the sale of the accused products in Texas.

59. Resideo took active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, sell, or offer to sell the accused products in a manner that infringe claim 1 of the ’591 Patent, claim 13 of the ’856 Patent, and claim 21 of the ’618 Patent.

60. Such steps by Resideo included, among other things, making or selling the accused products outside of the United States for importation into or sale in the United States, or knowing that such importation or sale would occur; and directing, facilitating, or influencing its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates’ behalf, to import, sell, or offer to sell the accused products in an infringing manner.

61. Resideo performed these steps, which constitute induced infringement, with the knowledge of the ’591 Patent, the ’856 Patent, and the ’618 Patent, and with the knowledge that the induced acts would constitute infringement.

62. Resideo performed such steps in order to profit from the eventual sale of the accused products in the United States.

63. Resideo’s inducement is ongoing.

64. Resideo has also indirectly infringed by contributing to the infringement of the ’591 Patent, the ’856 Patent, and the ’618 Patent. Resideo has contributed to the direct infringement of the ’591 Patent, the ’856 Patent, and the ’618 Patent by the end user of the accused products.

65. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the ’591

Patent, the ’856 Patent, and the ’618 Patent, including, for example, claim 1 of the ’591 Patent, claim 13 of the ’856 Patent, and claim 21 of the ’618 Patent.

66. The special features include, for example, hardware and/or software components especially adapted for capturing images using backside-illuminated image sensors, reconstructing missing data packets using error correction data, and categorizing, organizing, and presenting saved content data files, used in a manner that infringe the ’591 Patent, the ’856 Patent, and the ’618 Patent.

67. These special features constitute a material part of the invention of one or more of the claims of the ’591 Patent, the ’856 Patent, and the ’618 Patent, and are not staple articles of commerce suitable for substantial non-infringing use.

68. Resideo’s contributory infringement is ongoing.

69. Resideo has had actual knowledge of the ’591 Patent, the ’856 Patent, and the ’618 Patent at least as of August 20, 2026, when Interstate Patents sent a letter via FedEx and email to Thomas Surran, President and Chief Executive Officer of Resideo Technologies, Inc., with a copy by email to Resideo’s General Counsel, identifying Interstate Patents’ patent portfolio, including the ’591 Patent, the ’856 Patent, and the ’618 Patent, enclosing detailed claim charts showing how Resideo’s products infringe each of them, and expressly stating that the letter was meant to constitute actual notice under 35 U.S.C. § 287(a). *See* Exhibit 4. Resideo has also had knowledge of the ’591 Patent, the ’856 Patent, and the ’618 Patent at least as of the date when it was notified of the filing of this action. Since at least August 20, 2026, Resideo has known the scope of the claims of the ’591 Patent, the ’856 Patent, and the ’618 Patent, the products that practice the ’591 Patent, the ’856 Patent, and the ’618 Patent, and that Interstate Patents is the owner of the ’591 Patent, the ’856 Patent, and the ’618 Patent.

70. By the time of trial, Resideo will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the ’591 Patent, the ’856 Patent, and the ’618 Patent.

71. Furthermore, Resideo has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Interstate Patents’ patent rights. *See, e.g.*, M. Lemley, “Ignoring Patents,” 2008 Mich. St. L. Rev. 19 (2008).

72. Resideo’s customers have infringed the ’591 Patent, the ’856 Patent, and the ’618 Patent. Resideo encouraged its customers’ infringement.

73. Resideo’s direct and indirect infringement of the ’591 Patent, the ’856 Patent, and the ’618 Patent has been, and/or continues to be willful, intentional, deliberate, and/or in conscious disregard of Interstate Patents’ rights under the patents-in-suit, including at least since Resideo received Interstate Patents’ August 20, 2026 letter.

74. Interstate Patents has been damaged as a result of Resideo’s infringing conduct alleged above. Thus, Resideo is liable to Interstate Patents in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Interstate Patents hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Interstate Patents requests that the Court find in their favor and against Resideo, and that the Court grant Interstate Patents the following relief:

a. Judgment that one or more claims of the ’591 Patent, the ’856 Patent, and the ’618 Patent have been infringed, either literally and/or under the doctrine of equivalents, by

Resideo and/or all others acting in concert therewith;

b. A permanent injunction enjoining Resideo and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringing the ’591 Patent, the ’856 Patent, and the ’618 Patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the ’591 Patent, the ’856 Patent, and the ’618 Patent by such entities;

c. Judgment that Resideo account for and pay to Interstate Patents all damages to and costs incurred by Interstate Patents because of Resideo’s infringing activities and other conduct complained of herein, including an award of all increased damages to which Interstate Patents is entitled under 35 U.S.C. § 284;

d. That Interstate Patents be granted pre-judgment and post-judgment interest on the damages caused by Resideo’s infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award Interstate Patents its reasonable attorney’s fees and costs in accordance with 35 U.S.C. § 285; and

f. That Interstate Patents be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 20, 2026

Respectfully submitted,

*/s/ Zachariah S. Harrington*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Rehan M. Safiullah
Texas Bar No. 24066017
rehan@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

*Attorneys for Interstate Patents, LLC*